J-S42030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DARRYL JENKINS | : | |
| Appellant | : | No. 1140 EDA 2023 |

Appeal from the PCRA Order Entered April 20, 2023
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0004817-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DARRYL JENKINS | : | |
| Appellant | : | No. 1141 EDA 2023 |

Appeal from the PCRA Order Entered April 20, 2023
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0005615-2016

BEFORE: BOWES, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 29, 2024**

Appellant, Darryl Jenkins, appeals *pro se* from the order entered on April 20, 2023 in the Court of Common Pleas of Buck County (PCRA court), which dismissed his petition for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, as untimely. Upon review, we affirm.

The factual and procedural background is not at issue here. Briefly, a jury convicted Appellant of unlawful contact with a minor, corruption of

minors, and indecent assault – person less than 16 years of age. On September 22, 2017, the trial court sentenced Appellant to an aggregate term of 11½ to 23 years' incarceration for all convictions. We affirmed Appellant's judgment of sentence on May 23, 2019. On November 14, 2019, our Supreme Court denied Appellant's petition for allowance of appeal. ***See Commonwealth v. Jenkins***, No. 981 EDA 2018, unpublished memorandum (Pa. Super. filed May 23, 2019), appeal denied, 219 A.3d 1106 (Pa. 2019).

On February 21, 2020, Appellant filed his first PCRA petition, and after counsel was appointed, the petition was denied on August 24, 2021. Appellant timely appealed to this Court on October 12, 2021. We affirmed the order denying PCRA relief on July 14, 2022. ***See Commonwealth v. Jenkins***, No. 1968 EDA 2021, unpublished memorandum (Pa. Super. filed July 14, 2022). Appellant did not seek further review before our Supreme Court.

On January 19, 2023, Appellant filed the underlying petition,[1] in which he filed a motion for discovery and alleged the discovery of a ***Brady***[2] violation. On February 22, 2023, the PCRA court issued a notice of intent to dismiss, noting that the PCRA petition was untimely and meritless, and that the motion for discovery would be fruitless as the after-discovered evidence claim was refuted in the petition itself. In response, Appellant refiled his second PCRA

---

[1] The petition was titled "Petition After-Discovered Evidence." The PCRA court treated it as PCRA petition. Appellant does not challenge the PCRA court's characterization.

[2] ***Brady v. Maryland***, 373 U.S. 83 (1963).

petition, along with the motion for discovery. On April 20, 2023, the PCRA court denied Appellant's petition and motion without a hearing. This appeal followed.

The issues raised before us all pertain to the merits, not the timeliness, of the underlying petition.[3] While it is difficult to make sense of Appellant's repetitive and verbose filings, we can discern, within the various arguments raised by Appellant, some discussion about the timeliness of his claims. The thrust of the argument is that the instant petition is timely under the newly-discovered facts exception to the PCRA's jurisdictional time-bar. The newly-discovered fact is the information about Ms. Patterson (mother of the victim and Appellant's then-paramour). Specifically, Appellant argues that the Commonwealth committed a **_Brady_** violation by failing to inform Appellant that Ms. Patterson was prescribed opioid narcotics. Appellant asserts that he discovered the new fact on December 8, 2022, and filed the underlying petition within 60 days (presumably referring to Section9545(b)(2))[4] of the disposition of his previous appeal.

_____

[3] **_See_** PCRA petition, 1/19/23, at 5 (unnumbered).

[4] We note that subsection 9545(b)(2) was amended, effective December 24, 2018, to provide petitioners with one year to invoke a timeliness exception regarding "claims arising on Dec. 24, 2017 or thereafter." 42 Pa.C.S.A. § 9545(b)(2); Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, effective in 60 days. Because the petition at issue here was filed on January 19, 2023, after the effective date of the amendment, the amendment is applicable here. In any event, the underlying petition was filed within 60 days of the discovery of
_(Footnote Continued Next Page)_

On appeal,

> [w]e review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010). This review is limited to the findings of the PCRA court and the evidence of record. **Id**. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. **Id.** . . . We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. **Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011). However, we afford no such deference to its legal conclusions. **Commonwealth v. Paddy**, 15 A.3d 431, 442 (Pa. 2011); **Commonwealth v. Reaves**, 923 A.2d 1119, 1124 (Pa. 2007). Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Colavita**, 993 A.2d 874, 886 (Pa. 2010).

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final,"[5] unless an

_____

the new fact. Because, as explained *infra*, Appellant failed to meet the newly-discovered facts exception, compliance with Section 9545(b)(2) is, however, of no moment.

[5] It is undisputed that the underlying PCRA petition is facially untimely. Appellant was sentenced on September 22, 2017. On May 3, 2019, we affirmed the judgment of sentence. On November 14, 2019, our Supreme Court denied Appellant's petition for allowance of appeal. If no petition for writ of certiorari is filed with the United States Supreme Court, as in the instant case, the judgment of sentence becomes final at the expiration of the 90-day period available to petition the United States Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13.1. Accordingly, Appellant's judgment of sentence became final for purposes of the PCRA on February 12, 2020. Appellant had one year to file a timely PCRA petition (*i.e.*, February 12,

*(Footnote Continued Next Page)*

exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1).[6] "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady* claim separate from consideration of its timeliness). If it is not timely, we cannot address the substantive claims raised in the petition. *Id.*

As noted above, Appellant first claims that he discovered a *Brady* violation and that he timely filed the underlying petition within the time-restrictions of Section 9545(b)(2).

---

2021). The underlying petition was filed on January 19, 2023, which is approximately 2 years after his judgment of sentence became final. Thus, the underlying PCRA petition is facially untimely.

[6] The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). At issue here is the newly-discovered facts exception, Section 9545(b)(ii).

A ***Brady*** violation claim may qualify as a newly-discovered fact, as long as petitioner establishes that: 1) "the facts upon which the claim was predicated were unknown" and 2) the fact "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii); ***see also Commonwealth v. Bennett***, 930 A.2d 1264, 1271-72 (Pa. 2007). "If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection." ***Bennett, supra*** (citing ***Commonwealth v. Lambert***, 884 A.2d 848, 852 (Pa. 2005)).

Regarding the first claim, the PCRA first court noted that, Appellant, in his own petition, stated:

> The Facts in these violations are based in part of the respondents [sic] recollection of accounts that were not investigated by counsel of which the respondent did not find any relevance in at the time because of his lack of familiarity with the law.

PCRA Court Opinion, 6/20/23, at 13 (quoting PCRA petition, at 10).

The PCRA Court then concluded:

> [a]lthough Appellant allege[s] that the Commonwealth failed to disclose crucial witness information in that Ms. Patterson was prescribed opioid narcotics, the only person Appellant alleges knew that fact is himself. ***See*** [PCRA] petition, p. 13 ("I would not have known to bring it up to my counsel unless counsel asked me about it and I saw no [relevance] in it at the time.").

PCRA Court 6/20/23, at 13.

In light of the foregoing, because Appellant knew of Ms. Patterson's prescription medication, we agree with the PCRA court that there was no ***Brady*** violation with respect to this information. ***See Lambert***, 884 A.2d at

- 6 -

856 (citing **Commonwealth v. Morris**, 822 A.2d 684, 696 (Pa. 2003) for the proposition that no **Brady** violation occurs where appellant knew or could have uncovered evidence with reasonable diligence). Moreover, because the facts underlying this claim were known to Appellant, it does not qualify under the newly-discovered fact exception and, thus, is untimely. **Lambert**, **supra.**

Appellant also argues extensively (and confusingly) that the Commonwealth failed to disclose exculpatory information (*i.e.*, statements made by Ms. Patterson to Appellant to the effect that investigating officer did not want Appellant in the residence) prior to or around the time of Appellant's arrest.

While raised as a **Brady** violation (and possibly as a newly-discovered fact), Appellant fails to recognize that he knew about these statements even

before trial,[7] and that as such, do not qualify as a ***Brady*** violation or a newly-

discovered fact. ***See Lambert***, supra.[8]

_____

[7] In his petition, Appellant stated (verbatim):

> After watching the encounter from the body cam footage respondant 's counsel said he did not think [Appellant]'s would be suppressed. But at the time respondant did not think to tell his counsel about the statement from Ms Patterson and counsel did not ask about the breif interaction she and [Appellant] had at the house that day.

Appellant's Brief at 19 (unnumbered). The PCRA court clarified the context of Ms. Patterson's statements as follows: "When Appellant arrived at home on the date of his arrest, Ms. Patterson was waiting outside with [investigating officer] and told Appellant [that investigating officer] did not want Appellant to enter the residence." PCRA Opinion, 6/20/23, at 14, n.12.

[8] To the extent Appellant's argument can be construed as alleging that ***Brady*** violations he identified here qualify as governmental interference for purposes of Section 9545(b)(1), we note that:

> The governmental interference exception permits an otherwise untimely PCRA petition to be filed if it pleads and proves that the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]

***Commonwealth v. Staton***, 184 A.3d 949, 955 (Pa. 2018) (internal quotation marks and citations omitted). This exception requires a petitioner to "show that but for the interference of a government actor 'he could not have filed his claim earlier.'" ***Id.*** (quoting ***Stokes***, 959 A.2d at 310).

Appellant, here, provides no facts that would remotely support a finding of governmental interference. To the contrary, the record shows that Appellant was fully aware of the alleged violations but never thought of pursuing them as he did fully appreciate their relevance, if any.

Finally, to the extent that Appellant raises claims of ineffective assistance of PCRA counsel suggesting that the PCRA court should have raised *sus sponte* the ineffectiveness of PCRA counsel under **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021),[9] no relief is due. Nowhere in **Bradley** did our Supreme Court introduce such a rule. To the contrary, **Bradley** reiterates that the burden remains on petitioners to assert and prove PCRA counsel's ineffectiveness. **See Bradley**, 261 A.3d at 402.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/29/2024

---

[9] "[A] PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting pro se, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Bradley**, 261 A.3d at 401. "In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims[; h]owever, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter." **Id.** at 402 (citations omitted). "To be entitled to a remand, [appellant] must provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness. That is, he must establish that there are issues of material facts concerning claims challenging counsel's stewardship and that relief may be available." **Commonwealth v. Parrish**, 273 A.3d 989, 1006 (Pa. 2022) (citing **Bradley**, 261 A.3d at 402)).